BUSÓ ET AL., APPELLANT*s,* *v.* BUSÓ ET AL., RESPONDENTS.

APPEAL from the District Court of Humacao.

No. 852.—Decided January 20, 1913.

PROPERTY OF MINORS—UTILITY AND NECESSITY—NOTICE TO FISCAL.—According to sections 80 and 82 of the Law of Special Legal Proceedings of March 9, 1905, as amended in 1907, in force when the order of utility and necessity was made in this case, it was not necessary to cite the *fiscal,* the appellant minors or the emancipated minor, or to obtain their consent.

ID.—UTILITY AND NECESSITY—REVOKING ORDER OF PREDECESSOR.—It not appearing that the judge who approved the proceeding to show utility and. necessity was deceived, or that he failed to apply the laws in force, or that he erred in the findings of fact, his successor in office had no legal ground on which to revoke the order of approval.

ID.—DEFENSOR OF MINORS—OPPOSING INTERESTS—SECOND MARRIAGE OF FATHER.— A sale of real estate belonging to minors made by their father under judicial authorization without the appointment of a defensor of the minors is valid. The fact that the father was married a second time does not create opposing interests when the property sold belonged exclusively to his minor children.

NONSUIT.—Judgment of nonsuit rendered in this case is supported by law.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for appellants.

*Messrs. Alvarez Nava* and *Domínguez* for respondents.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This was a suit brought in the District Court of Humacao seeking to declare the nullity of a conveyance executed by Francisco Busó Cabrera in the name of his minor sons, Francisco Busó, Poncio Busó, and Julio Busó Pérez, in favor of Alejandro Laborde, and also to set aside the judicial authori-

zation for said transfer rendered on May 1, 1909, and the deed of conveyance in compliance therewith executed on the third day of the same month, and also to nullify a conveyance made by Alejandro Laborde in favor of Luis Recurt y Márquez on May 2, 1910, and a transfer made by the said Recurt and his wife on October 15, 1910, in favor of Antonio Caubet y Pons, all of whom were made defendants together with the wives of the said Recurt and Caubet.

Plaintiffs also asked for the recovery of costs against the defendants. To the complaint presented in this case the defendants offered two special exceptions, one on the ground that there was a lack of proper parties defendant, and the other because the same did not set forth facts sufficient to constitute a cause of action. The first of these exceptions was overruled, and the second was sustained by an order of the court made on December 20, 1910. Plaintiffs were accorded leave to amend their complaint, which they did, and filed their amended complaint in due course, which sets forth substantially the following facts:

*First.* That about the month of April, 1909, the plaintiffs, Francisco, Poncio, and Julio Busó y Pérez, owned three equal shares of a farm, described at length which was duly inscribed in the registry of property, and was possessed by them under title of inheritance from their legitimate mother, Isabel Pérez Sánchez.

*Second.* That the defendant, Francisco Busó y Cabrera, and his sons, the plaintiffs herein, had conflicting interests in the property described in the complaint.

*Third.* That in or about the month of April, 1909, and up to the date of filing suit, the defendant, Francisco Busó y Cabrera, as the widower of his first wife, Isabel Pérez y Sánchez, the lawful mother of the plaintiffs, had contracted matrimony for the second time with Madame Carrasquillo, with whom he continued living in such state, possessing in his own and exclusive right considerable real estate.

*Fourth.* That during the said period—April, 1909—Fran-

cisco Busó y Pérez was emancipated from the parental control of his father, Francisco Busó y Cabrera, and lived apart from and independently of the latter, making his home in the United States of America.

*Fifth.* That during the said month of April, 1909, the brothers—parties plaintiff herein—had reached the age of puberty, the eldest, Francisco, being 20 years of age, and Poncio and Julio 16 and 14 years respectively.

*Sixth.* That during the said month of April, 1909, the farm mentioned had a market value of not less than $20,000.

*Seventh.* That on May 1, 1909, the defendant, Francisco Busó y Cabrera, appeared personally before the Hon. Charles E. Foote, District Judge, and presented a sworn petition praying for authority to sell the aforesaid farm, the property of the plaintiffs herein, for the sum of $6,000, to Alejandro Laborde, who had offered him the said price therefor.

*Eighth.* That the said petitioner, Francisco Busó y Cabrera, through erroneous representations and the assumption of legal powers based on wrong considerations, in his said petition, without appointing a defender to represent the minors, without their signatures, conformity, consent, or consultation or hearing, and without first consulting the prosecuting attorney in regard to the matter, an indispensable procedure, and without the due and legal estimation of the necessity and utility of the step taken, unlawfully carried the matter to its conclusion and illegally obtained the *expediente* and judicial order sought on May 1, 1909.

*Ninth.* That the District Court of Humacao, Hon. Charles E. Foote presiding, made an order on May 1, 1909, erroneously deciding that the pubescent minors, duly and lawfully represented by their father, Francisco Busó y Cabrera, had requested the judicial authority to sell; that $6,000 was the real market value of the aforesaid farm, and that its sale or transfer at such figure was necessary and convenient, authorizing its purchase by the said Laborde at the price of $6,000, the payment of which sum was to be secured by mort-

gage carrying interest of one *per centum per mensem,* payable at the end of each month, and made within one year, agreeably to the petition of the father.

*Tenth.* That notification of the order of the court authorizing such sale was not given to the pubescent minors, nor to the prosecuting attorney, nor to the emancipated Francisco Busó y Pérez, who were by no means satisfied with the said proceedings and result, the same being glaringly prejudicial to their legitimate and lawful interests and consummated in manifest violation thereof.

*Eleventh.* That these defects or artifices of surreption and obreption, by misstatements of facts and erroneous estimation, appeared and do appear in the record of the registry of property for the benefit of subsequent possessors.

*Twelfth.* That by virtue of the said defective and illegal authorization Francisco Busó y Cabrera, under date of May 3, 1909, personally sold to Alejandro Laborde the aforesaid farm for the sum of $6,000 payable in one year and bearing interest at the rate of one *per centum per mensem,* the said sale being effected before the notary, Salvador Fulladosa, the lawyer through whom he presented his petition, without the authorization, intervention, consent, or knowledge of the interested parties, being the plaintiffs herein.

*Thirteenth.* That by a deed executed on May 2, 1910, in Humacao by Alejandro Laborde in favor of Luis Recurt y Márquez, the former sold to the latter, before the notary, Salvador Fulladosa, in Humacao, for the sum of $6,000, an undivided one-half of the aforesaid farm acquired from the defendant, Busó Cabrera.

*Fourteenth.* That by a deed executed on October 15, 1910, before the notary, in San Juan, Damián Monserrat, Antonio Caubet y Pons, being married to Carmen González y Albert, residents of the said city of San Juan, purchased from Luis Recurt Márquez and his wife, María Frías y Mandry, an undivided one-half of the said rustic property, comprising one hundred and eight and a quarter acres, for the sum of $40,000;

of which amount the seller acknowledged having received $26,750 prior to the execution of the said deed, the purchaser retaining $1,250 to pay off part of a mortgage lien, and the remaining $12,000 to be paid within two years.

*Fifteenth.* That by an order of the District Court of Humacao given on October 22, 1910, the petitioner, Francisco Busó y Pérez, had been appointed the legal defender of the brothers Poncio and Julio Busó y Pérez, to institute this suit for the protection of their interests conflicting with those of their legitimate father, Francisco Busó y Cabrera, the defendant in said action.

Accordingly the plaintiffs prayed the court to render a final judgment in the case declaring null the *expediente* obtained by Francisco Busó y Cabrera in the name of his minor children, Francisco, Poncio, and Julio Busó y Pérez, as well as the judicial order dated May 1, 1909, together with the deeds of sale, one dated May 3, 1909, executed in Humacao by Francisco Busó y Cabrera in favor of Alejandro Laborde before the notary, Salvador Fulladosa; another dated May 2, 1910, executed in Humacao by Alejandro Laborde in favor of Luis Recurt y Márquez before the same notary, Salvador Fulladosa, and a third dated October 15, 1910, executed in San Juan by the said Luis Recurt y Márquez and his wife, María Frías y Mandry, in favor of Antonio Caubet y Pons and his wife, Carmen González y Albert, before the notary, Damián Monserrat, with costs to be awarded against the defendants.

To this complaint the defendants filed various answers, which it is unnecessary to set forth with more particularity. On a trial of the cause judgment was rendered in favor of the defendants on the ground that the evidence offered by the plaintiffs was not sufficient to prove the facts set forth in their complaint, and no fraud or deceit being shown, as alleged by the plaintiffs, in the procuring of the order of the court authorizing the sale of the property belonging to the minors, and no proof being made that conflicting interests existed

between Francisco Busó Cabrera and his sons, the plaintiffs, and it not appearing clearly from the evidence that the minor, Francisco Busó Pérez, lived independently of his father in the United States, and it being shown that the father constantly remitted to the son his share of the income of the estate, and was unaware of his marriage up to the time that he saw the certificate of the same, and the facts showing that it was not proven that, at the time of making the transfer, the property was worth $20,000, but only $6,000, for which amount it was sold; and it not appearing that the minors had been opposed to the said sale and had not consented to it, but, on the contrary, it being shown from the evidence that the plaintiff who appeared for himself and as the representative of the minors in this complaint knew that the sale had been made, and that although a letter is mentioned which is said to have been sent to Francisco Busó Cabrera, the father, by the son, Francisco Busó Pérez, which letter is said to have been in opposition to the transaction, the same was never introduced in evidence. In view of all these facts the court decreed that the order made on May 1, 1909, by the district judge of that district, the predecessor of the present incumbent, authorizing the said sale of the property of the minors, as also the deeds of conveyance made on May 3, 1909, by Francisco Busó Cabrera in favor of Alejandro Laborde; and on May 2, 1910, by Alejandro Laborde in favor of Luis Recurt Márquez, and the conveyance made on October 15, 1910, by the said Recurt Márquez and his wife in favor of Antonio Caubet y Pons and his wife, should remain in full force and effect; and declaring that the motion for the dismissal of the suit made by the defendants should be sustained, with costs adjudged against the plaintiffs. This judgment was rendered by the said court on April 29, 1911, from which an appeal was duly taken to this court.

The counsel for appellants set forth in their brief herein filed, 13 assignments of error, which it is scarcely necessary to take up in detail, since they are based on the Spanish

Code of Civil Procedure and certain sections of the Mortgage Law, which have been superseded by our statutes of Special Proceedings and Code of Civil Procedure. Let us then consider the questions properly involved in this litigation.

*First.* The law in force at the time of making the order of utility and necessity, on which this suit is based, is a proceeding contained in articles 80 and 82 of the law in regard to Special Proceedings passed by the Legislature of Porto Rico on March 9, 1905, and its amendments made in 1907, and not the provisions cited from the Spanish Code of Civil Procedure and the Mortgage Law. (See art. 85 of the Law of Special Legal Proceedings repealing all former laws in contravention thereof.) The law in force on the date when this resolution now appealed from was made did not demand the requisites on the lacking of the observance of which the action of the plaintiff was founded; that is to say, the citation of the *fiscal* and of the appellant minors, citation of the emancipated minor, lack of their consent, etc. This is plainly apparent from a perusal of the said statutes and a study of the course of legislation passed in this Island in regard to the matter involved in this transaction.

*Second.* According to the results of the allegations of the pleadings and the evidence adduced in this case, Judge Foote authorized the sale of the property of the minor plaintiffs in the exercise of the faculties which the law conceded to him; and it does not appear that the said judge was deceived so as to recognize as established, or to take into consideration, the essential facts which the law in force at that time required, nor did he make any mistake in the estimation of the said facts. This being so, it is very clear that his successor, Judge López Acosta, had no legal ground to decree the nullity of the resolution made by his predecessor. (See 22 Cyc., 566, and the notes which are there found.)

*Third.* There were no contradictory interests shown between Busó Cabrera, the father, and Busó Pérez, the sons, in regard to the property involved herein belonging to the latter,

the sale of which was authorized by the court. Hence, there was no necessity for the appointment of a defender of the minors. The property sold, as shown by the evidence, belonged exclusively to the minors, who are the plaintiffs herein. The fact that the father had been married a second time did not establish any antagonism whatever in their respective interests. Although the minors had a right to demand the making of a mortgage to secure their interest in the personal property, if any there were in regard to the real estate, they had the right only to have it inscribed in their names, inasmuch as the rents belonged to their father. (See art. 201 of the Mortgage Law; 160, 162 of the Spanish Civil Code, and art. 225 of the Civil Code of Porto Rico.) This being the state of the law, and Busó, the father, not being a joint heir with the plaintiffs, nor a joint owner with his minor children in the title of the property sold, there was no necessity to make an appointment of a defender *ad litem* for the purpose of soliciting the judicial authorization to make the sale.

*Fourth.* The evidence of the defendants themselves establishes beyond a doubt the incontestable fact that as far as the plaintiff, Francisco Busó Pérez, was concerned, he was never emancipated; and if he were, he ratified by implication, but effectively, what his father had done in regard to making this sale. (See art. 4, paragraph 2, of the Porto Rican Civil Code.) As far as the other plaintiffs are concerned, the law does not require the fulfilment of the supposed requisites named by them, and it is unnecessary to discuss that matter further.

*Fifth.* The motion for a judgment of nonsuit is a proper proceeding under our Code of Civil Procedure, and it was properly granted in this case. (See paragraph 5 of sec. 192 of the Code of Civil Procedure.)

For the reasons stated herein, we find no error in the

judgment rendered by the court below, and it should be in all things affirmed.　　　　　　　　　　　　　　　*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and. Aldrey concurred.